Filed 8/29/22 Conservatorship and Estate of C.J. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person and Estate of C.J. | |
| KERN COUNTY PUBLIC CONSERVATOR, | F083590 |
| Plaintiff and Respondent, | (Super. Ct. No. MI-7023-00) |
| v. | |
| C.J., | **OPINION** |
| Objector and Appellant. | |

### <u>THE COURT</u>[*]

APPEAL from an order of the Superior Court of Kern County. Marcos R. Camacho, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Objector and Appellant.

Margo A. Raison, County Counsel, Kyle W. Holmes and Gustavo Maya, Deputy County Counsel for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Detjen, J. and Meehan, J.

Appellant C.J. challenges the trial court's decision she should be the subject of a conservatorship pursuant to the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.).[1] Appellant contends substantial evidence does not support the findings made by the trial court. Following our review of the entire record, we affirm the judgment.

## PROCEDURAL SUMMARY

On July 21, 2021, a petition was filed seeking the appointment of a conservator for appellant. The petition alleged appellant was gravely disabled, requiring the appointment of a public conservator. A temporary conservator was immediately appointed on July 22, 2021. The caption on the petition was thereafter amended to reflect appellant's correct name, which was verified by a "Delayed Registration of Birth."

Following a hearing held on the petition, the trial court found the allegations of the petition to be true. The trial court specifically concluded appellant was gravely disabled pursuant to section 5008, subdivision (h), that a suitable alternative to a conservatorship was not available, and that the least restrictive and most appropriate placement for appellant was in a locked skilled nursing facility. The order appointing the public conservator was filed on October 21, 2021. After letters of conservatorship were issued, appellant filed a notice appeal on November 19, 2021. An amended order was issued on March 3, 2022, addressing a clerical error documenting one of the findings made by the trial court during the original hearing.[2]

## FACTUAL SUMMARY

In July 2021, appellant was observed "wandering" along a state highway and was taken to a local medical center for heat-related and psychiatric issues. A section 5150 report indicated appellant was confused and delusional. A recovery specialist noted

---

[1] All further statutory references will be to the Welfare and Institutions Code.

[2] The original order stated appellant would not retain the right to vote. The amended order states appellant retains the right to vote, which is consistent with the ruling made by the trial court at the end of the hearing.

2.

appellant said she would kill her sister, and had "already killed herself." The specialist further noted appellant was unable to verbalize a plan for food, clothing, and shelter, and was also refusing third-party assistance.

Deputy Conservator Roxanne Martinez reported that after being placed under a temporary conservatorship, appellant was still unable to verbalize realistic plans for food, clothing, and shelter. The conservatorship investigation report prepared by Martinez further states:

> "[Appellant] experiences mental health symptoms of disorganized thought process, poor insight, labile mood, auditory hallucinations, and delusional ideations that impede her ability to obtain stable placement in the community. [She] sometimes identifies as dead and mentioning talking to her deceased parents. [Appellant] experiences poor impulse control, confusion, agitation, and illogical thought content that results in her inability to obtain shelter. [She] has been offered placements in the community, but she refuses those options. [Appellant] would tell her treatment team she would leave any group homes or placements she's sent to. [She also] reports she would go to Los Angeles or Atascadero without plans to meet needs of food, clothing, and shelter."

At the contested hearing, Martinez testified appellant seems to have no insight about her condition and admitted to her that she would not continue to use her prescribed medications if she was released from the facility. Appellant also told Martinez she plans to go back to Atascadero or "live on the streets." Martinez expressed her belief appellant would not be successful relying on homeless shelters, as that was what she was attempting to do before. According to Martinez, appellant was instead moving through various counties, eventually being picked up, then getting admitted to hospitals.

Martinez testified that appellant had funds in a special needs trust controlled by her uncle. The fund was created after both of appellant's parents passed away. Martinez reported appellant was not receiving Social Security and had no other identifiable sources of income at the time of the hearing. In addition, appellant's uncle had not been

3.

successful in his attempts to locate appellant and offer her the use of the funds because of her constant movement from place to place.

Dr. Jagdeep Garewal next testified as an expert who evaluated appellant. Garewal diagnosed appellant with "Schizophrenia Disorder Bipolar type." Garewal confirmed that while medication had been prescribed to appellant, they were still in the process of adjusting the dose. Garewal believed appellant would not be successful in a homeless shelter because she exhibits paranoid feelings which often result in fights, a conclusion consistent with earlier testimony that she was still being aggressive with peers in the current facility.

Appellant testified on her own behalf. Appellant believes she can meet her needs for food, shelter, and clothing at a homeless shelter in Atascadero, where she wants to relocate. Appellant planned to live with an aunt or a friend once she reached Atascadero by hitchhiking. Appellant admitted she was not receiving any Social Security income and believed she did not have access to the special needs trust controlled by her uncle until she is at least 25 years of age. On cross-examination, appellant admitted that the last time she was employed was two years ago. Appellant also insisted she would continue to take her prescribed medications if she was released.

## DISCUSSION

Appellant's only challenge to the decision to place her under a public conservatorship is that the decision is not supported by substantial evidence. A person is subject to a public conservatorship when found to be gravely disabled due to a mental health disorder. (§ 5350.) A person is considered gravely disabled when they are "unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A).) A person will not be considered " 'gravely disabled' if that person can survive safely without involuntary detention with the help of responsible family, friends, or others who are both willing and able to help provide for the person's basic personal needs for food, clothing, or shelter." (§ 5350, subd. (e)(1).)

4.

The conclusion a person is gravely disabled will not be disturbed on appeal if substantial evidence supports that finding. (*Conservatorship of S.A.* (2020) 57 Cal.App.5th 48, 54.) To establish someone is gravely disabled, the evidence must establish the person is incapacitated due to a mental disorder, or is unable to take steps considered necessary for survival, such as providing for basic needs like food, clothing, or shelter. (*Conservatorship of Jesse G.* (2016) 248 Cal.App.4th 453, 460–461.) We review the entire record to determine whether there was substantial evidence appellant was gravely disabled beyond a reasonable doubt. (*Conservatorship of Walker* (1989) 206 Cal.App.3d 1572, 1577.) The testimony of one witness may be sufficient to support such a finding. (*Conservatorship of Johnson* (1991) 235 Cal.App.3d 693, 697.)

Our review of the entire record leads us to conclude substantial evidence supports the finding appellant was gravely disabled under section 5350. Appellant's plans for surviving on her own involved either living with an aunt, a friend, or in a homeless shelter. However, no evidence was offered about the identity of the aunt or friend, and whether either one would actually be willing to take appellant into their homes. This is important, because "unless they specifically indicate in writing their willingness and ability to help, family, friends, or others shall not be considered willing or able to provide this help." (§ 5350, subd. (e)(2).) Appellant's consistent access to income was also uncertain.

In contrast, both Martinez and Garewal were concerned that appellant's plan to survive in homeless shelters was not viable. Garewal specifically noted appellant exhibited paranoid feelings, which would often lead to fights. He also added that while the medications had shown some partial benefit, she was continuing to have altercations with other patients in the facility. This conclusion about the use of homeless shelters was supported by the testimony of Martinez, who stated appellant's use of homeless shelters had not been successful in the past. Moreover, the report prepared when appellant was

5.

first considered for a temporary conservatorship stated she had refused similar placements when offered and suggested she would leave those placements.

Finally, the record discloses a great deal of uncertainty about whether appellant would continue to take the medications prescribed to moderate her condition. While appellant insisted in her testimony she would continue to take the medication, there was a good deal of evidence offered suggesting she would stop taking the medication when on her own. Added to this was Garewal's testimony that he was still in the process of finding the appropriate dosage of the medication to best treat appellant.

Substantial evidence supports the conclusion appellant is gravely disabled at this time, justifying the public conservatorship.

## **DISPOSITION**

The order is affirmed.